**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JERMAINE WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16 C 7024 |
| v. ) | |
| ) | Judge Manish S. Shah |
| MICHAEL WHITE, et al., ) | |
| ) | Magistrate Judge Mary Rowland |
| Defendants. ) | |

**CITY DEFENDANTS' JOINT MOTION TO DISMISS COUNT IV OF PLAINTIFF'S
SECOND AMENDED COMPLAINT**

Defendants Michael White, Eric Reyes, Sebastian Flatley, Brian Daly, Raul Baeza, Jr., and Thomas Gaynor (the "Defendant Officers"), and the City of Chicago ("City") (collectively the "City Defendants"), by their respective attorneys, for their Joint Motion to Dismiss Count IV of Plaintiff's Second Amended Complaint, state:

**BACKGROUND**

Plaintiff's amended complaint in this matter (Dkt. #24) included a count entitled "Fourth Amendment Malicious Prosecution" (Count IV). Pursuant to a motion filed by the City Defendants, this Court dismissed that iteration of Count IV. (Dkt. #99, at 11-12). The Order, however, granted plaintiff leave to replead a Fourth Amendment unlawful detention claim consistent with *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017). (*Id*.) Plaintiff has now filed a Second Amended Complaint with a new count IV simply entitled "§1983 Fourth Amendment." (Dkt. #122). The City Defendants now move to dismiss this count as untimely.[1]

---

[1] The City Defendants recognize the Seventh Circuit's pending decision on remand of *Manuel* may provide further guidance on the issue presented.

The facts pertinent to this motion, taken from plaintiff's operative complaint, are as follows. Plaintiff was arrested on the evening of February 21, 2006 and immediately detained. (¶131). He remained in custody until his June 2, 2006 conviction following a jury trial. (¶¶131-33). Thus, legal process against plaintiff necessarily commenced in 2006. Plaintiff's initial complaint in this matter was not filed until ten years later, on July 7, 2016. (Dkt. #1).

## LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When evaluating a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded material facts and must draw all reasonable inferences from those facts in the light most favorable to the pleader. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). However, a plaintiff may plead himself out of court by asserting facts that undermine the claims set forth in his complaint. *Holman v. State of Indiana*, 211 F.3d 399, 406 (7th Cir. 2000). Thus, even though "the statute of limitations is ordinarily an affirmative defense that must be pleaded under Fed. R. Civ. P. 8(c), a district court may dismiss under Rule 12(b)(6) something that is indisputably time barred." *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005).

## DISCUSSION

Plaintiff's unlawful detention claim in Count IV is barred by the applicable two-year statute of limitations. The appropriate statute of limitations for plaintiff's §1983 claims is the limitations period for personal injury claims in the forum state where the alleged constitutional violation occurred. *Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985). In Illinois, therefore, the statute of limitations for §1983 claims is two years. *Booker v. Ward*, 94 F.3d 1052, 1056 (7th

Cir. 1996). Although state law determines the limitations period for §1983 actions, federal law determines when a §1983 action accrues. *Sellers v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996). Under federal law, a §1983 claim accrues "when the plaintiff has a 'complete and present cause of action,' that is, when 'the plaintiff can file suit and obtain relief.'" *Wallace v. Kato*, 549 U.S. 384, 388 (2007), *citing Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of California*, 522 U.S. 192, 201 (1997).

In *Manuel*, the Supreme Court declined to decide when an unlawful detention claim accrues and remanded the issue to the Seventh Circuit for determination. *Manuel*, 137 S. Ct. at 920. However, the rights at issue here, even after legal process, are the same rights as those underlying claims for false arrest or unreasonable search and seizure. Therefore, consistent with the Supreme Court's admonition that in considering when this particular Fourth Amendment claim accrues "courts must closely attend to the values and purposes of the constitutional right at issue" (*id*. at 921), the well-established accrual analysis with respect to claims for false arrest and unreasonable search and seizure applies equally here. *See Wallace v. Kato*, 549 U.S. 384 (2007); *Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010).

Specifically, plaintiff's Fourth Amendment claim for pre-trial detention without probable cause either accrues "immediately" like a search and seizure claim (*Evans*, 603 F.3d at 363), or it accrues when the pre-trial detention terminated like a claim for false arrest (*Wallace*, 549 U.S. at 391). *See also Manuel*, 137 S.Ct. at 326-27, 331 (Alito, J., dissenting) (Fourth Amendment unlawful detention claim based on warrantless arrest has accrued by the time of a "first appearance" under Illinois law or an "initial appearance" under federal law). Plaintiff's Fourth Amendment claim accrued in 2006 at the latest because, according to the Second Amended Complaint, he was arrested, tried, and convicted in 2006. (Dkt. #122, at ¶¶ 131, 133). *Wallace*,

549 U.S. at 391; *Evans*, 603 F.3d at 363. That claim, brought more than ten years after it accrued, is therefore time-barred.

## CONCLUSION

For the foregoing reasons, Count IV of the Second Amended Complaint should be dismissed as untimely.

Respectfully submitted,

By: /s/ Paul A. Michalik
ATTORNEY FOR DEFENDANT,
CITY OF CHICAGO

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Molly Thompson
DYKEMA GOSSETT PLLC
10 S. Wacker Dr.
Suite 2300
Chicago, IL 60606

By: /s/ Amy A. Hijjawi
ATTORNEY FOR DEFENDANTS,
Brian Daly, Sebastian Flatley, Eric Reyes, Michael White, Raul Baez, and Thomas Gaynor

Andrew M. Hale
Matthew Hurd
Amy A. Hijjawi
Mohammed Khan
Alexander Tapling
HALE LAW LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL 60604

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2017, I electronically filed the foregoing **City Defendants' Joint Motion to Dismiss Count IV of Plaintiff's Second Amended Complaint** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

Robert S. Fakhouri
The Fakhouri Firm
1 East Wacker Dr., Suite 2300
Chicago, IL 60601
312-471-8873
312-471-8872 (fax)
Robert@theFFlaw.com

and

Michael C. Terranova
Michael Cogan
Cogan & Power, P.C.
One E. Wacker Dr., Suite 500
Chicago, IL 60601
312-477-2500
mterranova@coganpower.com
mcogan@coganpower.com

and

Jarrett Adams
Jarett Adams Law
561 10th Ave., Unit 31-D
New York, NY 10036
773-4594039
jadams@jarrettadamslaw.com

Lance Weber (*pro hac vice*)
Sabarish Neelakanta
Human Rights Defense Center
PO Box 1151
Lake Worth, FL 33460

Andrew M. Hale
Matthew Hurd
Amy Hijjawi
Jennifer Bitoy
Mohammed Khan
Alexander Tapling
Hale Law LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL 60604
312-341-9646
312-341-9656 (fax)
ahale@ahalelaw.com
mhurd@ahalelaw.com
ahijjawi@ahalelaw.com
jbitoy@ahalelaw.com
mkhan@ahalelaw.com
atapling@ahalelaw.com

James Hanlon, Jr.
Nicholas Cummings
Anthony Zecchin
Cook County State's Attorney's Office
Richard J. Daley Center
50 W. Washington, Room 500
Chicago, IL 60602
312-603-6665
james.hanlon@cookcountyil.gov
nicholas.cummings@cookcountyil.gov
anthony.zecchin@cookcountyil.gov

s/ Paul A. Michalik