IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JERMAINE WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No: 16-CV-7024 |
| v. ) | |
| ) | Hon. Judge Manish S. Shah |
| MICHAEL WHITE, ERIC REYES, ) | |
| SEBASTIAN FLATLEY, BRIAN DALY, ) | |
| RAULBAEZA, JR., THOMAS ) | |
| GAYNOR, the CITY OF CHICAGO, ) | JURY TRIAL DEMANDED |
| THOMAS FINNELLY, COOK ) | |
| COUNTY, ILLINOIS, and ) | |
| UNIDENTIFIED CHICAGO POLICE ) | |
| OFFICERS AND COOK COUNTY ) | |
| STATE'S ATTORNEY ) | |
| INVESTIGATORS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER REGARDING INADVERTANTLY PRODUCED OPINION WORK PRODUCT**

Now comes Plaintiff, JERMAINE WALKER, by and through his attorneys, COGAN & POWER, P.C. and THE FAKHOURI FIRM, and moves that this court find that certain inadvertently produced material is opinion work product, that such protection was not waived, and enter a protective order respecting such material; and in support thereof states as follows:

### **INTRODUCTION**

The facts giving rise to this action are familiar to this court. At issue now is whether the opinion work product protection that attached to a letter, composed by the public defender who represented wrongfully convicted Plaintiff in the context of underlying criminal proceedings, which contained her opinions and mental impressions; that was tendered to the ARDC in response a complaint with respect to that public defender's representing Plaintiff in the underlying criminal

1

matter; but which was produced by the predecessor law firm who represented Plaintiff in a subsequent civil suit emanating from Plaintiff's wrongful conviction in the underlying criminal matter, was waived by predecessor law firm's inadvertent disclosure.

## FACTUAL BACKGROUND

### I. Plaintiff's Complaint Against Public Defender Representing Him in Post-Conviction Proceedings to ARDC

For purposes of this motion, Plaintiff presumes this Court is familiar with his underlying criminal matter and conviction. (*See generally* Dkt. # 122.) Following his conviction, Plaintiff was represented in post-conviction proceedings by a public defender, Ingrid A. Gill. Plaintiff filed a complaint against Gill for reasons immaterial to the instant matter. In response to a collateral ARDC inquiry, Gill drafted a letter addressed to Karyn A. Laabs, dated August 24, 2010. (*See* Gill Letter, dated August 24, 2010, a copy of which Plaintiff will produce for an in camera inspection as Exhibit A, [*hereinafter* "Gill Letter"].)

The Gill Letter contains Gill's responses to Plaintiff's allegations against her. There, she represented that Plaintiff was incorrect that her "investigators did not investigate … Mr. Walker's claims that the State committed *Brady* violations by failing to disclose that there was a camera where he was arrested". (Gill Letter, p. 2.) The letter states that "[t]he investigators examined the alleyway and/or interviewed three different employees of the Lawrence House about whether a camera was attached to the building in the alley in 2006 and whether such camera recorded the arrest of Mr. Walker". (Gill Letter, p. 2.)

Gill articulated a set of mental impressions and legal opinions as to the viability of Plaintiff's efforts for post-conviction relief in light of those investigations' findings. (Gill Letter, p. 3.) The Gill Letter represents Gill's belief that his complaint against her was grounded on "an

indisputably meritless legal theory", that it "lack[ed] an arguable basis in fact" and included allegations that were "fantastic or delusional". (Gill Letter, at p. 4.)

The letter concludes with Gill's opinion and impression that she did not believe Mr. Walker filed his complaint in good faith, or perhaps "due to mental health issues". (Gill Letter, at p. 5.) The Gill Letter finally cautions that she recommended a psychiatric evaluation to ascertain if Mr. Walker could "understand the waiver of the attorney client privilege that can result … if … [Gill] ha[d] to disclose the results of [her] investigation to defend against Mr. Walker's allegations in court during a hearing". (*Id.*). More than ten years after his incarceration, the charges against Mr. Walker were vacated on March 25, 2016, by the State's own motion. (Dkt. # 122, at ¶¶ 72-73.)

## II. Predecessor Law Firm Lovey & Lovey Produced the Gill Letter in Response to Requests for Production

After his conviction was vacated, Plaintiff hired Lovey & Lovey to represent him in civil proceedings emanating from his wrongful conviction in the underlying criminal matter. In the course of prosecuting the same, predecessor firm Lovey & Lovey responded to interrogatories and requests for production on Friday Jan. 13, 2017. (*See* Mazur Email, dated Friday January 13, 2017, attached hereto as Exhibit B, [*hereinafter* "Mazur Email"].) Many thousands of pages of documents were produced contemporaneously. *Id.* In that production, thirty-three pages of communications were withheld, along with 268 pages of legal research with attorney mental impressions contained therein. *Id.* For whatever reason, the Gill Letter was not withheld.

Plaintiff terminated his relationship with Lovey & Lovey and retained new counsel to represent his interests here. Shortly after being hired, on October 17, 2017, attorney Michael C. Terranova was notified by attorney James E. Hanlon, Jr. of the Gill Letter's existence and substantive content. (*See* Hanlon Email, dated October 17, 2017, attached hereto as Exhibit C [*hereinafter* "Hanlon Email"].) Thereafter, Attorney Terranova sent Hanlon a letter pursuant to

3

Rule 26(b)(5)(B), respecting the Gill Letter and information contained therein. (*See* Terranova Email, dated December 1, 2017, attached hereto as Exhibit D.)

## ANALYSIS

In ruling on a motion for a protective order respecting inadvertently disclosed opinion work product, a court determines whether the disclosed material is subject to work product or privilege protection; and, if the material is privileged, the court applies FRE 502(b). *Cf. Heriot v. Byrne*, 257 F.R.D. 645, 655 (N.D. Ill. 2009). Under FRE 502, disclosure is not a waiver where the disclosure is inadvertent; the privilege/protection's holder took reasonable steps to prevent disclosure; and the holder took prompt, reasonable measures to rectify after disclosure. *Id.*

### I. The Gill Letter at issue is protected opinion work product.

Material is protected work product when it is prepared at the prospect of litigation, or where some articulable claim is likely to lead to litigation has arisen. *In re Bank One Sec. Litig., First Chicago S'holder Claims*, 209 F.R.D. 418, 425 (N.D. Ill. 2002); *Binks Mfg. Co. v. Nat'l Presto Indus.*, Inc., 709 F.2d 1109, 1120 (7th Cir.1983) (accord). Work product in the form of an attorney's mental impressions gleaned from witness interviews is subject to the highest level of protection. *See, e.g.*, *Upjohn v. United States*, 449 U.S. 383, at 398–99 (1981) (disclosure of "notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal the attorney's mental processes").

Here, the Gill Letter self-consciously contains Plaintiff's public defender's opinions and mental impressions prepared at the prospect of a claim or complaint being pursued against her by Plaintiff at the ARDC. The Gill Letter describes witness interviews and related findings, and her mental processes as to her litigation strategy in the course of representing Plaintiff in post-conviction proceedings. In particular, the letter details her theories as to the viability of Plaintiff's

efforts to obtain post-conviction relief on the basis of her mental impressions as to the probability that the State committed *Brady* violations in the course of his prosecution in the underling criminal matter. To that end, the letter itself is opinion work product.

Gill did not waive the work product protection which attached to her opinions and mental impressions with respect to her representing Plaintiff in post-conviction proceedings emanating from his underlying criminal matter. *Behnia v. Shapiro*, 176 F.R.D. 277, 279 (N.D. Ill. 1997) ("mere disclosure to a third party is insufficient to waive work-product protection; rather, waiver of work-product protection occurs only if the disclosure to the third party "substantially increases the possibility for potential adversaries to obtain the information").[1]

Gill's letter to the ARDC in response to an inquiry respecting her representing Plaintiff was not done under circumstances which would cause adverse parties to become apprised of her opinions or mental impressions. Moreover, Gill cautioning against the prejudice Plaintiff would incur in the event she should have to defend herself in a formal proceeding or other context where she may be forced to waive any applicable protection. Gill did not transmit her letter to adverse parties in that or any other proceeding, nor disseminate it among any adverse party's conduits as would render an adversary's obtaining it more likely.

Moreover, the protection which attached in Gill's representing plaintiff as such extends to this litigation. *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, 237 F.R.D. 176, 182 (N.D. Ill. 2006) (citations omitted) (adopting the majority view that work product protection endures

---

[1] Unlike material protected by the attorney client privilege, third party disclosure is insufficient to waive work product protection. *See* 8 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 2024 at 368-69 (1994). Here, to the extent that the Gill Letter contains material that was protected by the attorney client privilege, the privilege may itself have been waived by disclosure to a third person. However, waiver of the attorney–client privilege does not in itself constitute a waiver of the qualified immunity from discovery of the work product. *See, e.g.*, *Vilastor–Kent Theatre Corp v. Brandt*, 19 F.R.D. 522 (S.D. N.Y. 1956). The same rule applies to material voluntarily produced in discovery. *See U.S. v. Deloitte LLP*, 610 F.3d 129 (D.C. Cir. 2010); *Connecticut Mut Life Ins Co v. Shields*, 16 F.R.D. 5, 8 (S.D. N.Y. 1954).

after terminating the prior proceedings for which the documents were created). There as here, the documents at issue were letters prepared by attorneys that disclosed legal theories and strategies of prior cases. *Id.* There as here, the letters at issue contained some factual information, but it was clear that the drafting attorney exercised judgment in assessing the potential liability in each case. Just as the court *Lawrence E. Jaffe Pension Plan*, 237 F.R.D. at 182 found those letters to be protected as such, so too should this court should find that work product protection attached to Gill's letter and endures to this proceeding.

## II. Lovey & Lovey's inadvertent disclosure was rectified in accord with 502(b).

The comments to Rule 502(b) [2] suggest that in ruling on a motion for a protective order, courts may consider among other factors, the reasonableness of precautions taken, the time taken to rectify the error, the scope of discovery, the extent of disclosure, and the overriding issue of fairness, as well as any other factor the court deems salient.

The process necessary to effectuate such numerically precise withholdings as Lovey & Lovey made, marks the reasonableness of precautions taken in light of the volume of production. *Cf. Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 388 (7th Cir. 2008). Likewise, there is no indication that Lovey & Lovey's review process was "clearly inadequate". *Id*.

Lovey & Lovey's efforts as were necessarily expended in their review process evidence their intention to maintain all applicable privileges and protections. *Coburn Group, LLC v. Whitecap Advisors LLC*, 640 F. Supp. 2d 1032, 1038 (N.D. Ill. 2009) (the basic issue is "whether the party intended a privileged or work-product protected document to be produced or whether the production was a mistake").

---

[2] Citing *Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.*, 104 F.R.D. 103, 105 (S.D.N.Y. 1985), *Hartford Fire Ins. Co. v. Garvey*, 109 F.R.D. 323, 332 (N.D.Cal. 1985).

The production responses were made on January 13, 2017 in response to Defendant Cook County's requests for production. (Mazur Email, Exhibit B.) When the production responses at issue were made, they were produced electronically by Hightail, a cloud-based file sharing service. (Mazur Email, Exhibit B.) The scope of production was inclusive of a document set in excess of 6,347 total Bates Stamped pages. Prior to production, the document set was reviewed and a total of 33 pages of communications were withheld as between Plaintiff and Gill on the basis of Attorney-Client privilege and work product protection. In addition, 268 pages of cases, notes about cases, and notes prepared by plaintiff and Gill in connection with his underlying criminal matter were withheld on the basis of work product privilege.

Plaintiff's current counsel,[3] upon discovering such disclosure, took prompt and reasonable steps to rectify the disclosure including following FRCP 26(b)(5)(B). Plaintiff's present attorneys only had occasion to discover this oversight upon notification of its existence and disclosure after having been retained on this case, subsequent to the inadvertent disclosure. Plaintiff's Attorneys became aware of this disclosure on October 17, 2017 when Attorney Hanlon emailed Attorney Terranova as to the Gill Letter's existence and content.

Thereafter, Attorney Terranova corresponded in various means with opposing counsel to rectify this disclosure. In addition, and to protect his client's interests from the effects of the predecessor firm's inadvertent disclosure, Plaintiff's attorneys judiciously investigated the legal basis for efforts to 'claw back' the Gill Letter, and transmitted a letter to opposing counsel pursuant to FRCP 25(b)(5)(B) including this instant motion.

---

[3] Who was under no burden to inspect the already produced documents. *See Heriot* 257 F.R.D. at 660; FRD 502 (committee notes).

## **CONCLUSION**

WHEREFORE the Plaintiff, JERMAINE WALKER, respectfully requests this court find that the Gill Letter, Bates Stamped JERMAINE WALKER 005964 – 005968, is protected opinion work product the protection of which was never waived; and enter a protective order which requires that all parties in such possession promptly destroy such documents, and barring such documents' retention, use, introduction, or dissemination in this or any other proceeding.

                                        Respectfully Submitted

                                        JERMAINE WALKER

By: *Michael C. Terranova*
Michael C. Terranova
One of the Attorneys for Plaintiff

Michael P. Cogan, Esq.
Michael C. Terranova, Esq.
COGAN & POWER, P.C.
One East Wacker Drive, Suite 510
Chicago, Illinois 60601
(312) 477-2500
(312) 477-2501 (Fax)
mcogan@coganpower.com
mterranova@coganpower.com