## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JERMAINE WALKER,

      Plaintiff,

      v.

MICHAEL WHITE, et al.,

      Defendants.

No. 16 C 7024

Magistrate Judge Mary M. Rowland

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Protective Order Regarding Inadvertently Produced Opinion Work Product. For the reasons set forth below, Plaintiff's Motion [155] is DENIED.

## I. INTRODUCTION

Plaintiff ("Walker") filed this § 1983 action against Defendants alleging that his arrest and conviction for possession of narcotics were based on fabricated evidence and a conspiracy against him, which led to his false imprisonment and ten years of incarceration before his conviction was vacated and the charges against him dismissed. On June 20, 2017, the District Judge in this case granted in part and denied in part Defendants' motions to dismiss. (Dkt. 99). The Judge dismissed Count I as to the *Brady*-violation due process claim, Count II against Defendant Finnelly, and the federal malicious prosecution claim with leave to replead. On November 1, 2017, Walker filed his Second Amended Complaint charging Defendants with fabri-

cating and withholding evidence, failing to intervene, conspiracy, malicious prosecution, and state law violations.

In his Motion, Walker seeks to bar Defendants from retaining or using a previously-produced document which Walker claims was inadvertently produced opinion work product. The document is a letter written on August 24, 2010, by Plaintiff's former criminal counsel in response to Plaintiff's ARDC complaint against her ("Gill Letter"). In January 2017, Plaintiff's former counsel in this case, the law firm Loevy & Loevy, produced the document as part of a production of approximately 6,000 documents. In July 2017, Loevy & Loevy withdrew as counsel for Plaintiff. (Dkt. 108). Plaintiff's new counsel, Cogan & Power, appeared in the case in August 2017. (Dkts. 113, 114). In October 2017, in an email by defense counsel to Mr. Terranova of Cogan & Power, defense counsel stated he wanted to "make sure [Mr. Terranova was] aware of [the Gill Letter]." (Dkt. 155-2 at 2). In December 2017, Cogan & Power emailed defense counsel "as notification of an inadvertent disclosure of both privileged material and work product" in the Gill Letter. (Dkt. 155-3 at 2). Walker brought the present motion, arguing that the Gill Letter is protected work product and its disclosure was inadvertent.[1] In response, Defendants maintain that the Gill Letter is not protected work product and even if it were, the protection was waived first by attorney Gill in responding to the ARDC and second by Walker's former attorneys producing the document to Defendants.

---

[1] Walker does not argue in his Motion that the Gill Letter is protected by the attorney-client privilege.

## II. DISCUSSION

### A. The Work Product Doctrine

The work product doctrine protects documents prepared in anticipation of litigation by or for a party or its representative. Fed. R. Civ. P. 26(b)(3)(A). The Federal Rules protect both "fact" and "opinion" work product. *See Appleton Papers, Inc. v. EPA*, 702 F.3d 1018, 1024 (7th Cir. 2012). Opinion work product often receives even greater protection than fact work product because it is the "mental impressions, conclusions, opinions, or legal theories of a party's attorney." *See id.*; Fed. R. Civ. P. 26(b)(3)(B). Work product protection is not absolute, however, and can be waived if disclosed to adversaries or third parties "in a manner which substantially increases the opportunity for potential adversaries to obtain the information." *Rehco, LLC v. Spin Master, Ltd.*, 2014 U.S. Dist. LEXIS 34111, *5 (N. D. Ill. 2014) (internal citations and quotations omitted); *see also Woodard v. Victory Records, Inc.*, No. 14 CV 1887, 2014 U.S. Dist. LEXIS 69512, at *24 (N.D. Ill. May 21, 2014) (both types of work product protection can be waived).

The work product doctrine is broader than the attorney-client privilege (*Appleton*, 702 F.3d at 1024), and serves "dual purposes: (1) to protect an attorney's thought processes and mental impressions against disclosure; and (2) to limit the circumstances in which attorneys may piggyback on the fact-finding investigation of their more diligent counterparts." *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 621–22 (7th Cir. 2010). Work product protection may be claimed by the attorney or the client (*In re Special September 1978 Grand Jury (II)*, 640 F.2d 49, 63 (7th

3

Cir. 1980)) and the party seeking the protection must show that the doctrine applies. *Sullivan v. Alcatel-Lucent USA, Inc.*, No. 12 C 7528, 2013 U.S. Dist. LEXIS 82407, at *28 (N.D. Ill. June 12, 2013)).[2]

### B. The Gill Letter

Walker argues that the Gill Letter is protected opinion work product because it was prepared in anticipation of litigation—"the prospect of a claim or complaint being pursued against [Ms. Gill] by Plaintiff at the ARDC"—and it contains Ms. Gill's mental impressions and legal opinions. (Dkt. 155 at 4–5). Defendants do not dispute that the Gill Letter was prepared "in anticipation of litigation" and they do not object to the application of the work product doctrine in a subsequent proceeding. *See Webster Bank, N.A. v. Pierce & Assocs., P.C.,* No. 16 C 2522, 2018 U.S. Dist. LEXIS 18653, at *18 (N.D. Ill. Feb. 5, 2018) ("attorney-client privilege and the work-product doctrine may apply to Defendant's letter and/or some of the other materials submitted to the ARDC."); *Hobley v. Burge*, 433 F.3d 946, 949 (7th Cir. 2006) ("[work product] privilege endures after termination of the proceedings for which the documents were created, especially if the old and new matters are related."). Instead, Defendants contend that the Gill Letter is "factual" and not protected by the work product doctrine at all. (Dkt. 162 at 3).

Defendants ignore established case law that the work product protection applies to both "fact" and "opinion" work product. Further, while the Gill Letter contains

---

[2] Federal law governs the work product doctrine. *See Abbott Labs. v. Alpha Therapeutic Corp.*, 200 F.R.D. 401, 405 (N.D. Ill. 2001).

factual information, it also clearly expresses Ms. Gill's mental impressions, conclusions and legal theories about Walker's post-conviction claims. Because the letter contains both fact and opinion work product, the only issue is waiver. The Court concludes that the work product protection was waived when the letter was produced to Defendants in this litigation.[3]

## C. Federal Rule of Evidence 502(b)

It is undisputed that the Gill Letter was produced to Defendants in this litigation without any claim of work product protection. Such a disclosure would generally waive that protection. *See Woodard,* No. 14 CV 1887, 2014 U.S. Dist. LEXIS 69512, at *26 (work-product protection waived by a disclosure that is "inconsistent with the adversary system" and "voluntary disclosure to an adversary almost invariably constitutes waiver") (internal citations omitted). However, Walker argues that there was no waiver, relying on Federal Rule of Evidence 502(b).

To determine when a disclosure is not waiver, courts apply Rule 502(b)'s three-part test which asks whether:

(1) the disclosure is inadvertent;

(2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and

(3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

---

[3] Because the Court concludes that Plaintiff has not met his burden under Rule 502, it need not decide whether Ms. Gill's disclosure of work product for purposes of responding to the ARDC necessarily constitutes a waiver of work product protection in this forum.

Walker has the burden of showing compliance with each of these elements. *See Med. Mut. of Ohio v. AbbVie, Inc. (In re Testosterone Replacement Therapy Prods. Liab. Litig.)*, No. MDL No. 2545, 2018 U.S. Dist. LEXIS 41412, at *290 (N.D. Ill. Mar. 14, 2018) (internal citation omitted). Defendants' response brief focuses on part (b)(1) of the Rule but they also argue that the significant delay in requesting a clawback defeats Plaintiff's claim of inadvertent disclosure ((b)(3)). The Court is mindful of the importance of protecting work product, especially opinion work product. In this case, however, Walker has not shown that the disclosure was inadvertent or that his counsel promptly took reasonable steps to rectify the error.

Although Rule 502 does not define "inadvertent," the majority of courts in this district ask "merely whether the production was unintentional." *Med. Mut. of Ohio*, 2018 U.S. Dist. LEXIS 41412, at *294 (internal citations and quotations omitted); *Coburn Grp., LLC v. Whitecap Advisors LLC*, 640 F. Supp. 2d 1032, 1038 (N.D. Ill. 2009). As the court in *Excel Golf Prods. v. MacNeill Eng'g Co.*, No. 11 C 1928, 2012 U.S. Dist. LEXIS 61788 (N.D. Ill. May 3, 2012) explained, "unlike under the old balancing test [used before the passage of Rule 502 in 2008], the inadvertence inquiry asks merely whether the production was unintentional [so that] the inadvertence inquiry in subsection (b)(1) is not redundant of subsections (2) and (3)." *Id.* at *6.

Walker has not provided any evidence that the disclosure of the Gill Letter was a mistake. He concedes that he does not know why it was produced: "*for whatever reason*, the Gill Letter was not withheld." (Dkt. 155 at 3) (emphasis added). Without an affidavit or other evidence of the attorneys' intention when Walker's then counsel

produced the Gill Letter, this Court cannot conclude that the disclosure was inadvertent under Rule 502(b)(1). *See Med. Mut. of Ohio,* 2018 U.S. Dist. LEXIS 41412, at \*296 (sworn declaration from plaintiff's attorney allowed to court to determine plaintiff "did not make a knowing choice to produce the documents and that the disclosures were inadvertent.").

Nevertheless, Walker argues that the Court should find inadvertence because of the "reasonableness of precautions" taken by Loevy & Loevy to claim attorney-client and work product protections. But questions of reasonableness are left for the inquiries under subsections (b)(2) and (b)(3) of Rule 502. *See Med. Mut. of Ohio,* 2018 U.S. Dist. LEXIS 41412, at \*294 (rejecting defendants' argument "because it conflates the inadvertence inquiry with the logically distinct question whether, under Rule 502(b)(2), the party took reasonable steps to prevent disclosure"); *see also Excel Golf Prods.*, 2012 U.S. Dist. LEXIS 61788 at \*6 (applying the simpler test under Rule 502(b)(1) so that the inadvertence inquiry is not redundant of subsections (2) and (3)). Therefore this Court does not consider Walker's argument about the precautions taken by Loevy & Loevy as evidence of the law firm's intent. Even if it did, Walker's argument could easily cut the other way: Loevy & Loevy produced 6,347 documents—*not* a voluminous production by contemporary standards.[4] Loevy & Loevy specifically claimed attorney-client privilege and work product protection over 33 pages of communications between Walker and Gill and work product protec-

---

[4] Rule 502 was adopted in part to address concerns in cases involving very large volumes of e-discovery that it was prohibitively costly to identify all documents protected by the attorney client privilege or work product. *See* 2007 Advisory Committee Notes to Fed. R. Evid. 502. This is not such a case.

tion over 268 pages of notes prepared by Walker, but did not claim any protection over the Gill Letter. (Dkt. 155-1 at 2). Defendants contend that disclosing the Gill Letter was an intentional and strategic decision. The Court need not speculate because Walker simply has not shown that the disclosure was inadvertent.

An additional ground for denying Walker's Motion is that Walker failed to demonstrate compliance with Rule 502(b)(3). In this analysis, "courts focus on the producing party's response after it realizes that it has disclosed privileged material." *Pilot v. Focused Retail Prop. I, LLC*, 274 F.R.D. 212, 217 (N.D. Ill. 2011). Walker argues that his current counsel "upon discovering such disclosure, took prompt and reasonable steps to rectify the disclosure." (Dkt 155 at 7).

Attached to Walker's Motion is an October 17, 2017 email from defense counsel to Plaintiff's counsel "mak[ing] sure you are aware of [the Gill Letter]." Accepting Plaintiff's counsel's argument that this was the first time they became aware of the disclosure, they do not explain why they waited forty-five days to claim the document had been inadvertently produced and request a clawback. Broadly claiming that Plaintiff's attorneys "judiciously investigated the legal basis for efforts to 'claw back' the Gill Letter" (Dkt. 155 at 7) does not explain the 45-day delay. *See Rehco, LLC*, No. 13 C 2245, 2014 U.S. Dist. LEXIS 34111, at *8 (plaintiff promptly took reasonable steps to rectify disclosure when it objected the use of a document attached to defendant's motion one week after the motion was filed and where it explained its lead counsel was out of town when the motion was filed); *Heriot v. Byrne*, 257 F.R.D. 645, 662 (N.D. Ill. 2009) (prompt notice given within twenty-four hours

of discovering the error); *Coburn Grp., LLC*, 640 F. Supp. 2d at 1041 (defendant promptly requested the document's return one day after learning it had been produced); *Cf. Harmony Gold U.S.A. v. FASA Corp.*, 169 F.R.D. 113, 117 (N.D. Ill. 1999) (two week delay showed that plaintiff "dragged its feet in taking appropriate corrective action."); *Clarke v. J.P. Morgan Chase & Co.*, 2009 U.S. Dist. LEXIS 30719, at *18 (S.D.N.Y. Apr. 10, 2009) (two month delay in claiming privilege showed defendant did not promptly try to rectify disclosure). Therefore Walker has not shown that prompt, reasonable steps were taken to rectify the alleged inadvertent disclosure of the Gill Letter.

### III. CONCLUSION

For the reasons discussed, Plaintiff's Motion for Protective Order Regarding Inadvertently Produced Opinion Work Product [155] is DENIED.

Dated: May 14, 2018                    E N T E R :

_____
MARY M. ROWLAND
United States Magistrate Judge

9